# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
M. L. Energia, Inc. ) ASBCA No. 58975
)
Under Contract No. NAS10-98025 )

APPEARANCE FOR THE APPELLANT: Bruce I. Afran, Esq.
Princeton, NJ

APPEARANCES FOR THE GOVERNMENT: Scott Barber, Esq.
NASA Chief Trial Attorney
Bradley W. Smith, Esq.
H. Joseph Batey, Esq.
Trial Attorneys
Kennedy Space Center, FL

## OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD

ASBCA No. 58975 is the quantum phase of *M. L. Energia, Inc.*, ASBCA No. 55947, 12-2 BCA ¶ 35,110 (*MLE I*), *recon. granted in part*, 13 BCA ¶ 35,284 (*MLE II*).* We have jurisdiction pursuant to the Contract Disputes Act of 1978 (CDA) 41 U.S.C. §§ 7101-7109. A two-day hearing on quantum was held in Trenton, New Jersey, after which each party submitted an initial and reply brief. While evidence was allowed at that hearing on entitlement/causation that exceeded the quantum issues, the assigned judge did so in order to give appellant, by then with counsel, a full opportunity to prove its case, with the understanding that objectionable material would be handled as offered. (*See* discussion on the record at tr. 1/9-18) We are thus not relying upon evidence in the record that goes to causation because those issues were fully litigated and decided in the earlier proceedings. We now dismiss as moot the government's Motion for Preliminary Ruling on Matters/Issues Excluded from Further Litigation by Reason of Issue Preclusion.

In addition to the transcript of the 2016 hearing (with limits as outlined above) and briefs filed thereafter, we also rely upon the record made in the entitlement proceedings as well as the two decisions issued following those proceedings.

---

* Familiarity with our prior decisions in this matter is presumed.

## FINDINGS OF FACT

NASA awarded a Small Business Innovation Research contract to Energia with respect to photo-chemical remediation of sites contaminated with hazardous solvents at the Kennedy Space Center, Florida. The contract was for a firm-fixed-price of $597,960 but contemplated that Energia would contribute $100,000 to the project such that the estimated cost of the project was around $697,960. *MLE I* at 172,395-96, findings 3, 9, 14. Only the fixed-price amount is at issue here.

The research contract was not fully completed for reasons stated in our prior decisions, and we found the government entitled to take an equitable reduction in contract price under the FAR 52.246-7, INSPECTION OF RESEARCH AND DEVELOPMENT — FIXED-PRICE (AUG 1996), clause of the contract. *See MLE I* at 172,396, finding 13; *MLE II* at 173,170. The only issue remaining is whether the government is entitled to all or some smaller portion of the amount withheld.

The contract clause (FAR 52.246-7) upon which the contracting officer (CO) based her final decision (R4, tabs 1-2), and upon which we rely for making an equitable reduction in the contract price, provides in relevant part as follows:

> (e) The Government has the right to reject nonconforming work. If the Contractor fails or is unable to correct or to replace nonconforming work within the delivery schedule (or such later time as the Contracting Officer may authorize), the Contracting Officer may accept the work and make an equitable price reduction. Failure to agree on a price reduction shall be a dispute.

*MLE I* at 172,396, finding 13. Appellant makes much of the government failure to provide a test site, basing it on evidence adduced in the quantum hearing. We found in our first decision that:

> The [test] sites at [Kennedy Space Center] eventually became unavailable because appellant failed to adhere to the timeline which would have made a test at the center possible.

*MLE I* at 172,399, finding 36.

Thus, the lack of a site was the fault of Energia, not NASA. Pursuant to the Inspection clause, where the contractor does not timely perform, the CO may accept the work and make an equitable price reduction. Appellant would have the government pay for performing tasks 4 and 5, which it did not perform (*MLE I*

2

at 172,406, findings 84-86), and task 6, which was not acceptably performed (*MLE I* at 172,407, finding 89), regardless of fault.

In *MLE I*, we pointed out that Energia's contention it was entitled to be paid the remaining unpaid contract funds to be "without merit as appellant misconstrues the nature of the contract into which it entered." *MLE I* at 172,408. Further, we stated the contract was a firm-fixed-price contract, not a cost-reimbursement contract and that the Inspection clause allowed the government to make an equitable price reduction where, as here, there is a finding of nonconforming work. *Id.*

Appellant adduced no credible evidence of the proper equitable price reduction for the nonconforming or incomplete work other than to argue that at most the government should retain no more than $20,000 as the cost to complete the field study (app. br. at 23-24). This number is based upon the testimony of Dr. Moshe Lavid who testified that, in his judgment, it would cost between $15,000 and $20,000 to complete the field scale study (tr. 2/137-38). We find more credible the testimony of Karen L. Rivaud, a contract cost and price analyst for NASA, and her calculation of the estimated equitable price reduction in this matter (R4, tab 131 (memorandum for record dtd. March 7, 2008); tr. 1/21, 28-32). We depart from her analysis in only one respect. We found that task 6 was partially performed but that it was not fully acceptable (*see MLE I* at 172,406-07, findings 87-89), whereas the CO had found task 6 to have not been performed (R4, tabs 1-2) and thus, applying a jury verdict of 40% acceptable to task 6, we reduce the amount of the equitable reduction by 40% of the amount attributable to work effort not performed in task 6 of Ms. Rivaud's calculation, as follows: $38,641 x 40% = $15,456. This amount is subtracted from the total reduction proposed in Ms. Rivaud's calculation as follows: $175,099 – $15,456 = $159,643.

Thus, the government is entitled to a reduction of a $159,643 which still exceeds the amount remaining obligated under the contract ($153,415). As the government has indicated it will not seek the difference, we find appellant is not entitled to payment of any additional contract amounts.

3

## DECISION

The appeal is denied.

Dated: April 4, 2019

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58975, Appeal of M. L. Energia, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4